UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS SHIPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:26-cv-00159-SRC |
| | ) |
| WELLS FARGO ADVISORS and CHUBB LTD., | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

Dennis Shipman, a self-represented litigant, sues Wells Fargo Advisors and Chubb Limited for conversion, breach of bailment, and financial exploitation under state law in connection with Defendants' alleged retention of $2,078.22 in fee-credit balances. In his Verified Complaint, Shipman also attempts to invoke federal securities law. Shipman separately filed a motion for leave to proceed *in forma pauperis*. He also moves for a temporary restraining order and preliminary injunction against Defendants, seeking the immediate return of his funds. Finally, Shipman attempts to move for summary judgment against Defendants and asks the Court for a status conference. Because the Court lacks jurisdiction over Shipman's claims, it dismisses his complaint and denies his pending motions as moot.

**I.    Background**

Shipman is an American citizen who is "currently residing in Kigali, Rwanda." Doc. 3 at 1 (The Court cites to page numbers as assigned by CM/ECF.). He asserts that, in mid-January 2026, Wells Fargo Advisors "issued secure confirmations that [his] account held a balance of $2,078.22, which was secure and available for remittance." *Id.* at 2. Despite this, and despite

Shipman's "full compliance with all security protocols, including the submission of passport identification and an Affidavit of Indigency," Defendants refused to release the funds to him. *Id.* He sues Wells Fargo Advisors and Chubb Limited for conversion, breach of bailment, and financial exploitation, *id.*, ostensibly under Missouri law, *id.*; *see* doc. 3-2 at 1. He also invokes federal securities law—namely, 15 U.S.C. § 78aaa and SEC Rule 15c3-3. *See* doc. 3-2. For relief, Shipman seeks $2,078.22 in special damages and $5 million in punitive damages. *Id.*; *see* doc. 3 at 2.

Separately, Shipman filed a motion for leave to proceed *in forma pauperis*, stating that (1) he has zero dollars in liquid assets, (2) he received $1,700 per month in government benefits over the past year, (3) his monthly expenses total $1,630 per month, and (4) he has one dependent. Doc. 4 at 1. Shipman also moves for a temporary restraining order and preliminary injunction against Defendants. Doc. 5. He asserts that he faces "imminent physical dissolution . . . due to a $0.00 liquid balance caused by Defendants' conversion." *Id.* And he seeks an order "compelling Defendants to immediately remit $2,078.22." *Id.* Further, despite the Defendants' not yet being served in this case, Shipman seeks summary judgment against them. *See* doc. 6 at 4; docs. 13, 14, 15. (Notably, the summary-judgment request does not comply with Local Rule 4.01 or Federal Rule of Civil Procedure 7(b).). Finally, Shipman moves for a status conference. Doc. 17. Before the Court can address the merits of Shipman's filings, the Court must first assess whether it has jurisdiction over Shipman's claims.

## II.     Standard

Federal courts are courts of limited jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (citation omitted). As such, they may only hear and decide those cases the subject matter of which is specified under federal law. *See id.* Among these are

2

federal-question cases (i.e., those cases "arising under" federal law, *see* 28 U.S.C. § 1331) and diversity cases (i.e., those cases between "citizens of different states" whose dispute involves a sum greater than $75,000, *see* 28 U.S.C. § 1332). *Royal Canin*, 604 U.S. at 26. If the Court determines at any time that it lacks jurisdiction on these grounds, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. Discussion

### A. Federal-question jurisdiction

Shipman first asserts that the Court has federal-question jurisdiction under 28 U.S.C. § 1331 because he brings his claims under 15 U.S.C. § 78aaa and SEC Rule 15c3-3. *See* doc. 3-2; *see also* doc. 6 at 2. But importantly, this statute (known as the Securities Investor Protection Act of 1970), SEC Rule 15c3-3 (17 C.F.R. § 240.15c3-3), and the section of the statute under which the SEC Rule was promulgated (15 U.S.C. § 78o) do not supply Shipman with a private right of action. *See, e.g.*, *Sec. Inv. Prot. Corp. v. Barbour*, 421 U.S. 412, 424 (1975) ("Unlike the Securities Exchange Act, the [Securities Investor Protection Act of 1970] contains no standards of conduct that a private action could help to enforce, and it contains no general grant of jurisdiction to the district courts."); *Berner v. Lazzaro*, 730 F.2d 1319, 1320 n.1 (9th Cir. 1984) (noting that "[n]o private right of action exists under [section 15(c) of the Exchange Act]"); *Harris v. TD Ameritrade, Inc.*, 805 F.3d 664, 666 (6th Cir. 2015) ("[SEC Rule 15c3-3] . . . does not create a private right of action. And neither the section of the Securities Exchange Act of 1934 under which this rule was promulgated . . . nor any other part of the Act creates a private cause of action . . . ."); *Harris v. TD Ameritrade, Inc.*, 837 F. App'x 841, 843 (2d Cir. 2021) ("[A]uthorities have uniformly held that SEC Rule 15c3-3 . . . does not create a

3

private right of action."). Thus, the Court lacks federal-question jurisdiction over Shipman's claims.

B. **Diversity jurisdiction**

Shipman next asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because "the amount in controversy exceeds the jurisdictional threshold" and "the parties are citizens of different states/nations." Doc. 3 at 1; *see also* doc. 3-2. The Court disagrees.

1. **Diversity of citizenship**

As relevant here, to establish diversity of citizenship, Shipman must allege that the controversy is between (1) "citizens of different States" or (2) "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2).

a. **Citizens of a state**

The Court first examines whether Shipman is a "citizen of a State" under 28 U.S.C. § 1332(a)(1). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original). Here, Shipman alleges that he is an American citizen who is "currently residing in Kigali, Rwanda." Doc. 3 at 1; *see also* doc. 3-2. To "reside" means to "have one's *permanent home* in a particular place." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (emphasis in original). The Eighth Circuit has thus held that an allegation of where a party resides is "unambiguous" and "sufficiently pleads [the party's] citizenship" for diversity purposes. *Id.* at 778 n.6. Shipman's allegation that he is "residing in" Rwanda therefore means he is domiciled in Rwanda for diversity purposes. *See Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022) (noting that, for purposes of federal diversity jurisdiction, "'domicile' and

4

'citizenship' are synonymous terms" (citation omitted)). Thus, Shipman is not a "citizen of a State within the meaning of the diversity statute"—rather, he is "stateless." *Newman-Green*, 490 U.S. at 828.

### b. Citizen or subject of a foreign state

Next, the Court analyzes whether Shipman is a "citizen[] or subject[] of a foreign state" under 28 U.S.C. § 1332(a)(2). The Supreme Court has held that, because of their United States citizenship, American citizens living abroad are not citizens or subjects of a foreign state for purposes of section 1332(a)(2). *See Newman-Green*, 490 U.S. at 828–29. Thus, because Shipman alleges that he is a United States citizen, *see* doc. 3-2 at 1; doc. 3 at 1, he is not a citizen or subject of a foreign state under section 1332(a)(2), *see Newman-Green*, 490 U.S. at 828–29.

In sum, "American citizens who are domiciled abroad do not satisfy any of the enumerated categories required for a federal court's exercise of diversity jurisdiction." *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014) (citing *Newman-Green*, 490 U.S. at 828–29). The Court therefore lacks diversity jurisdiction over Shipman's claims.

### 2. Amount in controversy

But even if Shipman's "stateless" status did not preclude diversity jurisdiction, his allegations regarding the amount in controversy would. Recall that, under section 1332, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Typically, a complaint need only "allege the jurisdictional amount in good faith." *Am. Fam. Mut. Ins. Co. v. Vein Ctrs. For Excellence, Inc.*, 912 F.3d 1076, 1080 (8th Cir. 2019). But, "[w]here it is a 'legal certainty that the claim is really for less than the jurisdictional amount,' jurisdiction is not proper." *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289

5

(1938)).  "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Peterson v. Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (quoting *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011)).  Additionally, punitive damages "are included in the amount in controversy," but "the existence of the required amount must be supported by competent proof."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007).

Here, Shipman seeks only $2,078.22 in actual damages, yet he requests punitive damages of $5 million.  *See* doc. 3-2 at 1.  He provides no "competent proof" supporting his claim for punitive damages.  Nor does it appear that state or federal law would support his claim for punitive damages.  Indeed, both the Missouri Constitution and the Fourteenth Amendment Due Process Clause typically limit punitive damages to a single-digit ratio.  *See All Star Awards & Ad Specialties, Inc. v. HALO Branded Sols., Inc.*, 642 S.W.3d 281, 295–96 (Mo. 2022) (en banc); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Our jurisprudence and the principles it has now established demonstrate . . . that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.").

Shipman's more recent filings further belie his claim that the amount in controversy exceeds $75,000.  Indeed, in his memorandum in support of summary judgment, Shipman states that he seeks only $20,782.20 in punitive damages.  Doc. 13 at 4.  And in his "Notice of Expiration of Settlement Efforts and Notice of Ripeness for Summary Judgment," Shipman states that he seeks total damages of $37,009.64.  Doc. 15 at 7.

Thus, the Court finds that a "legal certainty" exists that Shipman's claims are for less than $75,000.  *See Mensah*, 951 F.3d at 943; *Peterson*, 867 F.3d at 995.  Shipman therefore does

6

not satisfy the amount-in-controversy requirement, so the Court lacks diversity jurisdiction over Shipman's claims.

Having found that the Court has no basis for jurisdiction, the Court dismisses Shipman's complaint without prejudice.  Doc. 3.  The Court denies as moot Shipman's motion for leave to proceed *in forma pauperis*, doc. 4, and his Motion for Temporary Restraining Order and Preliminary Injunction, doc. 5.  And, to the extent Shipman seeks summary judgment against Defendants, the Court denies that request as moot.  *See* doc. 6 at 4; docs. 13, 14, 15.  Finally, the Court denies as moot Shipman's motion for a status conference.  Doc. 17.

### IV.    Conclusion

Accordingly, the Court dismisses Shipman's [3] Verified Complaint without prejudice.  The Court denies as moot Shipman's [4] motion for leave to proceed *in forma pauperis* and his [5] Motion for Temporary Restraining Order and Preliminary Injunction.  And, to the extent Shipman seeks summary judgment against Defendants, the Court denies his [6] [13] [14] [15] request as moot.  Finally, the Court denies as moot Shipman's [17] motion for a status conference.  A separate Order of Dismissal accompanies this Memorandum and Order.

So ordered this 13th day of February 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE